UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MYRON L. TODD, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:17-cv-00399-JMS-MJD |
| WARDEN, Wabash Valley Correctional Facility, | ) ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Myron Todd is serving a sentence for 2009 Elkhart County convictions for two counts of burglary resulting in bodily injury and one count of burglary. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a return to the order to show cause arguing that Todd's petition is barred by the applicable statute of limitations and Todd has not replied. For the reasons that follow, the petition must be dismissed.

**I. Factual and Procedural Background**

On March 6, 2009, Todd pleaded guilty to two counts of burglary resulting in bodily injury, two counts of robbery, and one count of burglary. On April 6, 2009, the trial court merged the robbery counts into the burglary resulting in bodily injury convictions and sentenced him to 40 years on each of the burglary resulting in bodily injury convictions, which were ordered to run concurrently to one another. The trial court sentenced Todd to 10 years on the burglary conviction which was ordered to ruin consecutively to his other convictions for an aggregate sentence of 50 years.

Todd failed to timely appeal and his request to file a belated appeal was denied by the trial court. On August 13, 2009, Todd, through counsel, filed a petition for post-conviction relief. On July 28 2011, while his petition for post-conviction relief was pending, pursuant to a motion for modification, the trial court modified Todd's sentence to 35 years executed in the Department of Correction with 15 years suspended to probation. On September 1, 2011, Todd, through counsel, withdrew his petition for post-conviction relief without prejudice.

On April 4, 2012, Todd, *pro se*, filed a petition for post-conviction relief. On November 7, 2014, after a hearing, the trial court denied Todd's petition for post-conviction relief. He did not appeal.

Todd filed a petition for a writ of habeas corpus in this court on May 12, 2017. No. 2:17-cv-218-WTL-DKL. Because Todd was confined at that time in the Northern District of Indiana and because his convictions were in the Northern District, that petition was transferred to the United States District Court for the Northern District of Indiana on May 15, 2017. After the transfer to the Northern District, that court determined that Todd sought both habeas relief and to pursue civil rights claims. *Todd v. Andrew, et al.*, 3:17-cv-381-JD-MGG (N.D. Ind. July 18, 2017). That court therefore gave him the opportunity to submit either a habeas petition or a section 1983 complaint. *Id.* That case is now proceeding as a civil rights case.

Todd is now incarcerated at the Wabash Valley Correctional Facility, which is in this District. On August 17, 2017, Todd filed this petition for a writ of habeas corpus in this Court. The petition was not dated.

## II. Discussion

In support of his petition for a writ of habeas corpus, Todd argues that he was wrongfully convicted. The respondent contends that Todd's petition is barred by AEDPA's one-year statute of limitations.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

Todd's conviction and sentence became final when the time to file a notice of appeal of his conviction and sentence passed. 28 U.S.C. § 2244(d)(1)(A). Because he was sentenced on April 6, 2009, the time to appeal expired on May 6, 2009. Ind. App. Rule 9. Any petition for a writ of habeas corpus, therefore was due one year later, on May 6, 2010. While a pending petition for post-conviction relief may toll the statute of limitations, Todd filed his petition for post-conviction relief on August 13, 2009, and withdrew it on September 1, 2011. The statute of limitations was therefore tolled between August 13, 2009, and September 1, 2011, but Todd did not file his petition for a writ of habeas corpus until many years later, on August 17, 2017.

In addition, Todd's sentence was modified on July 28, 2011. Even if this restarted the statute of limitations to file a habeas petition, his petition would still be untimely. Like the initial conviction and sentence, the ruling on the sentence modification became final thirty days later, on August 27, 2011, when the time to file an appeal expired. Todd therefore would have had

until August 27, 2012, to file a petition for a writ of habeas corpus. While Todd withdrew his original petition for post-conviction relief after he received a sentence modification, he filed another petition 221 days after the sentence modification became final, on April 4, 2012. That petition was denied on November 7, 2014. He would have had 144 days, or until March 31, 2015, to file a petition for a writ of habeas corpus, but he still waited nearly three years after the denial of his petition for post-conviction relief to file a petition for a writ of habeas corpus in this Court.

The same conclusion is required even if the date of filing of the petition for a writ of habeas corpus is considered to be the date that Todd first filed a petition in this court, on May 12, 2017. The statute of limitations to file a petition for a writ of habeas corpus passed, at the latest, on March 31, 2015. His petitions filed in 2017 are much too late.

Todd might be able to overcome the passage of the statute of limitations if he can show that the deadline should be equitably tolled. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). But Todd does not argue in his petition that he was pursuing his rights and that for some reason he was not able to file a timely petition. And he has not replied to the return to the order to show cause. He therefore has not shown any reason not to apply the statute of limitations to his claims.

### III. Conclusion and Certificate of Appealability

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle

produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice. Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/21/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MYRON L. TODD
199699
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov